lml

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   No.  08-40008-JAR |
| | ) |
| **ISAAC YASS and** | ) |
| **ROBERT ANDREW BLECHMAN,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## MEMORANDUM AND ORDER
## MEMORIALIZING NOVEMBER 10, 2008 RULINGS

This matter is before the Court on defendant Robert Blechman's Motion to Sever Trials (Doc. 48), Motion for Change of Venue (Doc. 49), and Motion to Exclude Testimony (Doc. 52), as well as co-defendant Isaac Yass's Request for Notice Pursuant to Fed. R. Evid. 807 (Doc. 65), Motion for Pretrial Inspection of Proposed Exhibits and Demonstrative Evidence (Doc. 67), and Motion for Notice of Co-Conspirator's Statements and Request for *James* Hearing (Doc. 68). Co-defendant Yass has joined in Blechman's motions (Doc. 66). The government opposes defendants' motions, and has filed a Motion to Determine Conflict of Interest of Roger Rosen (Doc. 59). Hearings were held on August 18 and November 10, 2008. After hearing arguments and statements from counsel and considering their respective submissions, the Court made oral rulings. For the reasons stated on the record and as supplemented herein,

1. Defendant Yass's Motion to Join Co-defendant's Motions (Doc. 66) is
   GRANTED;

2. Defendant Blechman's Motion to Sever Trials (Doc. 48) is DENIED;

3. Defendant Blechman's Motion for Change of Venue (Doc. 49) is DENIED. The proper venue for criminal actions is normally "in the district in which the offense was committed."[1] Venue is proper in conspiracy prosecutions in any district where the conspiracy was formed or in any district where an overt act in furtherance of the conspiracy was performed.[2] The Supreme Court has suggested that the following factors should be considered in determining whether a requested transfer in a criminal case is in the interest of justice: (1) location of the defendants; (2) location of possible witnesses; (3) location of events likely to be an issue; (4) location of documents and records likely to be involved; (5) disruption of defendant's business unless case is transferred; (6) expense of the parties; (7) location of counsel; (8) relative accessibility of place of trial; (9) docket condition of each district or division involved; and (10) any other special elements which might affect the transfer.[3] The burden is on the defendant to justify a transfer under Fed. R. Crim. P. 21(b).[4] "[C]hange of venue in a criminal case is discretionary, and a trial judge's decision on the matter is entitled to deference."[5] In striking a balance under Rule 21(b), the Court finds that the

---

[1] Fed. R. Crim. P. 18.

[2] *United States v. Miller,* 111 F.3d 747, 753 n.8 (10th Cir. 1997).

[3] *Platt v. Minn. Mining & Mfg. Co.,* 376 U.S. 240, 243-44 (1964).

[4] *In re United States,* 273 F.3d 380, 388 (3d Cir. 2001).

[5] *United States v. Williams*, 897 F.2d 1034, 1036 (10th Cir. 1990) (quoting *United States v. Hunter*, 672 F.2d 815, 816 (10th Cir. 1982)).

    factors in this case weigh in favor of trial in the District of Kansas, including the majority of California witnesses are records custodians, both of defendants' counsel are in Kansas, and defendants' alleged scheme was accomplished in the bankruptcy court of the District of Kansas.

3. Defendant Blechman's Motion to Exclude Expert Testimony (Doc. 52) is TAKEN UNDER ADVISEMENT on the threshold legal issue of whether handwriting analysis is an appropriate discipline for expert testimony, and the Court will issue a separate order on this matter prior to trial;

4. Defendant Yass's Request for Notice Pursuant to Fed. R. Evid. 807 (Doc. 65) is DENIED AS MOOT;

5. Defendant Yass's Motion for Pretrial Inspection of Proposed Exhibits and Demonstrative Evidence (Doc. 67) is GRANTED; the parties shall exchange exhibits and demonstrative evidence on or before **December 31, 2008**;

6. Defendant Yass's Motion for Notice of Co-Conspirator's Statements and Request for *James* hearing (Doc. 68) is GRANTED in part; the government shall advise counsel for defendant of the statements it intends to rely on at trial on or before **December 31, 2008**; if it is determined that a *James* hearing is necessary, a hearing will be held **January 5, 2009**.

**IT IS FURTHER ORDERED** that the Court defers ruling on the government's Motion to Determine Conflict of Roger Rosen until after a hearing is conducted at a date to be determined; in the interim, Mr. Rosen will file a motion to withdraw as counsel in this matter.

**IT IS FURTHER ORDERED** that trial is set for **January 6, 2009**.

IT IS SO ORDERED.

Dated this 14th day of November 2008.

               S/ Julie A. Robinson
              Julie A. Robinson
              United States District Judge