lml

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | No. 08-40008-JAR |
| | ) | |
| **ISAAC YASS and** | ) | |
| **ROBERT ANDREW BLECHMAN,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER
## MEMORIALIZING JANUARY 4, 2010 RULING

On December 30, 2009, this Court entered an Order (Doc. 186) finding that, pursuant to the recent holding in *United States v. Nacchio*,[1] the Court agreed with defendants that there was nothing inherently unlawful about providing the service of foreclosure stoppage or delay as a "foreclosure consultant" for purposes of cure, loan extension or other accommodation, and accordingly, for purposes of 18 U.S.C. § 981(a)(2)(B), defendants were providing lawful services in an unlawful manner. Under that statute, "'proceeds' means the amount of money acquired through the illegal transactions resulting in the forfeiture, *less the direct costs incurred in providing the goods or services*."[2] Because defendant bears the burden of proof with respect to the issue of direct costs, the Court directed counsel for defendant Yass to present evidence of such costs at the sentencing hearing. That same day, the government filed a Motion for

---

[1]537 F.3d 1062 (10th Cir. 2009).

[2]18 U.S.C. § 981(a)(2)(B) (emphasis added).

Reconsideration (Doc. 187), urging the Court to reaffirm its original forfeiture of the gross proceeds of the fraud scheme.

A sentencing hearing was held on January 4, 2010, at which time the Court heard argument on the government's motion to reconsider and heard evidence on direct costs. At the conclusion of the hearing, the Court made findings of fact and conclusions of law with respect to the forfeiture issue. For the reasons set forth in the record and as supplemented below, the Court denied the government's motion for reconsideration, but determined that defendants did not meet their burden of proof with respect to direct costs. As part of final sentencing, the Court also entered a final judgment of forfeiture against defendants in the amount of $1,063,176.30.[3]

### Discussion

The standard for motions to reconsider in criminal cases is well established.

> Rarely do parties in criminal proceedings file motions to reconsider rulings on pretrial motions. This court believes that the standards for evaluating a motion to reconsider in the civil context are relevant for evaluating a motion to reconsider in a criminal case. "A motion to reconsider shall be based on (1) an intervening change in controlling law, (2) availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice." D. Kan. Rule 7.3. "A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. General Motors Corp.,* 846 F. Supp. 1482, 1483 (D. Kan.), *aff'd,* 43 F.3d 1484, 1994 WL 708220 (10th Cir. Dec. 21, 1994) (Table). A court's rulings "are not intended as first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting v. Gulfco Industries, Inc.,* 123 F.R.D. 282, 288 (N.D. Ill. 1988). A motion to reconsider is appropriate if the court has obviously misapprehended a party's position, the facts, or applicable law, or if the party produces new evidence that could not have been

---

[3]This amount represents a reduction of the original money judgment awarded in the Preliminary Order of Forfeiture (Doc. 154), pursuant to an agreement between the parties that is not relevant to the issue before the Court.

obtained through the exercise of due diligence. *Comeau v. Rupp,* 810 F.Supp. 1172, 1175 (D. Kan.1992); *see Refrigeration Sales Co. Inc. v. Mitchell-Jackson, Inc.,* 605 F.Supp. 6, 7 (N.D. Ill.1983), *aff'd,* 770 F.2d 98 (7th Cir.1985). A motion to reconsider is not appropriate if the movant only wants the court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally. *Comeau v. Rupp,* 810 F.Supp. at 1175; *Koch v. Koch Industries, Inc.,* 6 F.Supp.2d 1207, 1209 (D.Kan.1998). The decision whether to grant or deny a motion to reconsider is committed to the court's sound discretion. *Hancock v. City of Oklahoma City,* 857 F.2d 1394, 1395 (10th Cir. 1988).[4]

None of the above standards is met. The government's motion to reconsider is nothing but a request for the Court to revisit the same issues previously rejected. On this basis alone, the defendant's motion to reconsider is denied. Believing that its prior order was correctly decided, the Court will nevertheless briefly address the point raised in the government's motion to reconsider.

The government continues to argue that there was nothing that defendants provided to their victims that could be viewed as a lawful or legitimate service. Instead, defendants provided the illegal service of filing fraudulent Chapter 13 bankruptcy petitions, basing their court filings upon the fraudulent fractional interests of fictional businesses in the real property of duped victims, so as to illegally delay foreclosure sales. Although the government contends that the foundation of the service provided by defendants implicated bankruptcy fraud in violation of 18 U.S.C. § 152, defendants were charged with mail fraud in violation of 18 U.S.C. § 1341. The Court based its previous order forfeiting gross proceeds on the basis of defendants' convictions on the "specified unlawful activity" of mail fraud, as defined by 18 U.S.C. §§ 1956(c)(7) and

---

[4]*United States v. Carr*, No. 06-40147-SAC, 2007 WL 1989427, *1 (D. Kan. June 20, 2007) (citing *United States v. D'Armond,* 80 F. Supp. 2d 1157, 1170-71 (D. Kan. 1999)).

1961(1).  However, the *Nacchio* court held that simply because an offense falls within "specified unlawful activities" in § 981(a)(1)(C) does not automatically render that offense an "unlawful activity" for purposes of the definition of "proceeds" under § 981(a)(2)(A).[5]

The government again avoids addressing the fact that California law specifically authorizes and regulates the business of "foreclosure consultants," who offer the same service as defendants—stoppage or postponement of foreclosure sales.  While the Court agrees with the government's assessment of defendants' conduct, it is not convinced that such a scheme squarely falls into the definition of "proceeds" provided in § 981(a)(2)(A), that is, "illegal goods, illegal services [or] unlawful activities."  Because the statute provides no guidance, the rule of lenity requires that the definition of "proceeds" be construed in favor of defendants.[6]

Moreover, the legislative history cited by the government is of no consequence to the Court's holding on this issue.  Apparently, the government cited the same history in support of reconsideration of the *Kalish* decision, on which *Nacchio* is based, to no avail:

> In fact, what the Government refers to as the "House Report on the Civil Asset Forfeiture Reform Act of 2000" is a 1997 House Report on a forfeiture bill that the Department of Justice drafted but was not enacted, although it was voted on in the House Judiciary Committee.  *See* 51 H.R. Rep. 105-358(1), 105th Cong., 1st Sess. 1997, 1997 WL 677201, at *48.[7]

Thus, the government's motion for reconsideration is denied.

Turning to direct costs, §981(a)(2)(B) provides that defendant has the burden of proof

_____

[5]537 F.3d at 1088-89 (citing *United States v. Kalish*, No. 06-CR-656(RPP), 2009 WL 130215, at *8 (S.D.N.Y. Jan. 13, 2009)).

[6]*See Kalish*, 2009 WL 130215, at *8  (applying rule of lenity where forfeiture statute provided no guidance as to whether an advance fee scheme engaged in by an unlicensed entity and in violation of the mail and wire fraud statutes is an "illegal service" or a "lawful service provided in an illegal manner").

[7]*United States v. Kalish*, No. 06-CR-656(RPP), 2009 WL 1437798, at *2 (S.D.N.Y. May 21, 2009).

with respect to the issue of direct costs, which "shall not include any part of the overhead expenses of the entity providing the goods or services, or any part of the income taxes paid by the entity." Defendant Yass offered evidence of direct costs totaling $62,090.84, broken down as follows: $8,891.00 paid to Irving Cohen; $30,480.00 paid to Mikki Henshel; $15,071.25 refunds to customers; and $7,648.59 bad checks from customers. Defendant Blechman offered additional evidence of direct costs of postage, extrapolating the amount found in Yass's possession at his arrest over the 25-month duration of the conspiracy for a total of $250,000. Blechman also argued that the payments to Henshel and Cohen were underestimated.[8]

As the Court detailed in its oral ruling, defendants failed to meet their burden with respect to these costs. As the Court explained, the payments to Henshel and Cohen were not supported by sufficient evidence and also directly relate to the unlawful aspects of the fraudulent scheme. Likewise, the evidence of refunds to and returned checks from home buyer customers was insufficient and does not constitute direct costs of providing the stoppage service to specific customers. Finally, the cost of postage for defendant Yass's mass mailings to potential customers was based on insufficient evidence and, in any event, constitutes overhead as it related to defendant's marketing and advertising of his services. Accordingly, the Court finds that defendants failed to meet their burden of proof, and no deduction is made from the gross forfeiture amount awarded as a money judgment in the Preliminary Order of Forfeiture.

**IT IS THEREFORE ORDERED BY THE COURT** that the government's Motion for Reconsideration (Doc. 187) is DENIED.

**IT IS FURTHER ORDERED** that defendants' request for reduction of direct costs is

---

[8]At the hearing, Blechman withdrew his claim that bankruptcy filing fees also constituted direct costs.

DENIED, and a Final Order of Forfeiture of a money judgment in the amount of $1,063,176.30

shall be entered against defendants.  The government is directed to submit a Final Order of

Forfeiture reflecting the findings herein as well as any necessary settlement terms between the

parties with respect to the final judgment amount.

IT IS SO ORDERED.

Dated: <u>January 8, 2010</u>

<pre>
                                    S/ Julie A. Robinson
                                   JULIE A. ROBINSON
                                   UNITED STATES DISTRICT JUDGE
</pre>